IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSEPH STINNETT, | ) |
| Petitioner, | ) No. 3:10-0252 |
| | ) Chief Judge Haynes |
| v. | ) |
| STEVE DOTSON, WARDEN, | ) |
| Respondent. | ) |

## MEMORANDUM

Petitioner, Joseph Stinnett, a state prisoner filed this pro se action under 28 U.S.C. § 2254, seeking the writ of habeas corpus to set aside his conviction for premeditated first degree murder for which Petitioner received a life sentence. After a review of the pro se petition, the Court appointed the Federal Public Defender who filed an amended petition (Docket Entry No. 12) incorporating all claims in the pro se petition. In his amended petition, Petitioner raised the following specific claims:

1. Petitioner is actually innocent of the crime of premeditate first degree murder, rendering his conviction violative of the Eighth and Fourteenth Amendments to the U.S. Constitution;

2. Evidence used to convict Petitioner was insufficient under clearly established federal law, as determined by the Supreme Court in Jackson v. Virginia, 443 U.S. 307 (1979), and its progeny, in violation of Petitioner's right to due process under the Fifth and Fourteenth Amendments to the U.S. Constitution;

3. Tennessee' failure to grant Petitioner a new trial in light of the newly discovered evidence violated Petitioner's due process rights protected by the Fifth and Fourteenth Amendments to the U.S. Constitution;

4. Dr. Charles Harland's participation in Petitioner's conviction rendered Petitioner's trial unfair, in violation of Napue v. Illinois, 360 U.S. 264 (1959), Brady v. Maryland, 373 U.S. 83 (1963), and the Fifth and Fourteenth Amendments of the U.S. Constitution.

Id. at 8.

## A. Review of the State Proceedings

After a three day bench trial, on January 26, 1996 the state trial court found Petitioner guilty of first degree murder. Tenn. Code Ann. § 39-13-202 (1994). The state trial court sentenced Petitioner to life in prison with the possibility of parole. On direct appeal, Petitioner challenged the sufficiency of the evidence of premeditation and deliberation. State v. Stinnett, No. 01C01-9707-CC-00288, 1998 WL 670408, at *1 (Tenn. Crim. App. Sept. 30, 1998). On September 20, 1998, the Tennessee Court of Criminal Appeals affirmed Petitioner's conviction. Id. On April 12, 1999, the Tennessee Supreme Court denied Petitioner's application for permission to appeal.

Petitioner filed a state post-conviction petition with claims for ineffective assistance of trial counsel; denial of his Sixth Amendment rights to confront witnesses; violation of his Fourth Amendment by coercion and false pretense; violation of his Fifth Amendment right to access to all transcripts; and violation of the Fifth, Sixth and Fourteenth Amendments due to bias of the attorney and judge. On April 30, 1997, Petitioner voluntarily dismissed this petition without prejudice.

In December 2006, Petitioner filed a writ of error coram nobis in the Rutherford County Circuit/Criminal Court, citing newly discovered evidence (the Burton affidavits and Harlan report) that the state trial court denied. On appeal, the Tennessee Court of Criminal Appeals affirmed the order of denial because the writ was untimely filed and the new evidence would not have resulted in a different verdict. Stinnett v. State, No. M2007-02123-CCA-R3-CO, 2008 WL 4367462, at *4 (Tenn. Crim. App. Sept. 18, 2008). On February 17, 2009, the Tennessee Supreme Court denied Petitioner's application for appeal.

Petitioner filed this action on March 12, 2010, under 28 U.S.C. § 2254 in the United States District Court for the Middle District of Tennessee. For his actual innocence and newly discovered

evidence claims, Petitioner cites the affidavits of a witness sent to Petitioner on June 26, 2005 and a second affidavit from Chad Murphy who asserts, on December 27, 2006, his latter affidavit that Petitioner told him not to hit the deceased with a rock, but he did not disclose this statement at trial because he was angry with Petitioner. (Docket Entry No. 12, Amended Petition at 7). Petitioner also cites a 2005 determination of the Tennessee Medical Board that Dr. Charles Harlan, a medical examiner engaged in a "pattern of repeated negligence and incompetence" in 18 criminal cases, but Petitioner's trial was not one of those cases. Id.

## B. Conclusions of Law

The Antiterrorism and Effective Death Penalty Act amended 28 U.S.C. § 2244 to set time limits on the filing of federal habeas corpus petitions.

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Where as here, the petitioner had a state post-conviction proceeding, the limitation period for a federal habeas petition is set forth in 28 U.S.C. § 2244 (d)(2) that provides as follows:

3

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

In Lindl v. Murphy, 521 U. S. 32, 117 S.Ct. 2059, 103 L. Ed.2d 41 (1997) the Supreme Court held that the Antiterrorism and Effective Death Penalty Act was to be applied prospectively, i.e., beginning after April 24, 1996. In Brown v. O'Dea, 187 F.3d 572, 576-77 (6th Cir. 1999), the Sixth Circuit set a one year grace period from the Act's passage, i.e., midnight of April 23, 1997, for the filing of habeas petitions for state prisoners whose convictions were final. In Martin v. Jones, 969 F. Supp. 1058, 1061 (M.D. Tenn. 1997) this Court concluded that the date of April 23, 1997 is the measuring point "by which all section 2254 petitions based on final judgment rendered before the Act's enactment must be filed."

The Tennessee Supreme Court denied Petitioner's application on his direct appeal on April 12, 1999. Petitioner nonsuited his state post-conviction petition on August 30, 1997. This petition was not filed until March 12, 2010. By that time, the petition's filing is far beyond the limitations provisions in Section 2244(d)(1) and (2). Although the Tennessee Appellate courts denied Petitioner's coram vobis action on February 17, 2009, by that time, the federal habeas limitation period had expired. Moreover, Petitioner filed this action more than a year after the Tennessee Supreme Court's February 17, 2009 Order.

Petitioner's claim of actual innocence can toll or excuse the limitations period, but only if the Petitioner presents by "demonstrating a credible claim of actual innocence." Souter v. Jones, 395 F.3d. 577, 600 (6th. Cir. 2005). Such claims are "extraordinary and rare." Id. In Souter, the key facts were new exculpatory physical evidence. Here, Burton's December 2006 affidavit contradicts his

trial testimony and his 2005 affidavit. Such contradictions do not qualify as credible evidence for the actual innocence exception. In re Byrd, 269 F.3d. 585, 606 (6th. Cir. 2001).

As to Dr. Harlan, the state medical board's findings were published in May 2005. See McBride v. State, No. M2009-01467-CCA-R3-PC, 2010 WL 2134157 at *2 (Tenn. Ct. Crim. App., May 27, 2010). State courts do not view the state medical board's findings on Dr. Harlan to be viewed as newly discovered evidence to excuse an untimely action. An untimely claim under state law is conclusive on the timeliness of the federal habeas action. Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003) (quoting Rashid v. Khulnann, 991 F.Supp. 254, 259 (S.D.N.Y. 1998)).

Accordingly, the Court cannot consider the federal habeas claims in this action and the petition should be dismissed as time-barred.

An appropriate Order is filed herewith.

**ENTERED** this the 7th day of February, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court